UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY G. SHINE,

       Plaintiff,

v.                                      Case No. 11-13549

                                        HON. AVERN COHN

JOE DEFENDANT, ERIC AGGRAY,
and/or JOHN DINGELL VA MEDICAL
CENTER,

       Defendants.
_____/

## **ORDER OF DISMISSAL**

I.

Plaintiff Anthony G. Shine, proceeding pro se has filed a complaint naming Joe Defendant, Eric Aggray, and/or John Dingell VA Medical Center." Plaintiff has been granted permission to proceed without payment of the filing fee. For the reasons which follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to complaints filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law

or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

III.

The Court has read the complaint. It is virtually unintelligible. From what can be gleaned, plaintiff alleges he was assaulted by an x-ray technician at a VA hospital in Detroit. While the complaint does not reference any law, state or federal, it would not be unreasonable to assume plaintiff is attempting to raise a claim under the Federal Torts Claims Act (FTCA).

Although the government has waived its sovereign immunity to suits for tort actions under the FTCA, it is only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a); Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991) ("A prerequisite to suit under the FTCA, ... is the exhaustion by the plaintiff of administrative remedies."). Under the FTCA, a claimant must first present the claim to the appropriate agency and have the claim finally denied by the agency. See 28 U.S.C. § 2675(a).[1] Plaintiff does not allege he ever filed an administrative claim with the VA. Moreover, although he says he spoke to individuals at the VA hospital about the

---

[1] Section 2675(a) of Title 28 provides that an "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

2

incident, there is no suggestion that he filed any communication with the VA that constituted an administrative claim requesting damages and a sum certain. Because the FTCA requires administrative exhaustion as a jurisdictional prerequisite to filing suit, the Court lacks subject matter jurisdiction to address the Complaint. See 28 U.S.C. §§ 2680(h), 2675(a).

Accordingly, the complaint is DISMISSED without prejudice under 28 U.S.C. § 1915(e) for failure to exhaust administrative remedies. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

                                            s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: August 24, 2011

I hereby certify that a copy of the foregoing document was mailed to Anthony G. Shine, 3901 Grand River, Apartment 205, Detroit, MI 48208 on this date, August 24, 2011, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5160